1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT

8                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   VINCENT E. KEATES,                          No. C 05-3959 CW

11          Petitioner,

12       v.                                       ORDER GRANTING
                                                  RESPONDENT'S
13   JEANNE S. WOODFORD, California               MOTION TO DISMISS
     Department of Corrections,                   HABEAS CORPUS
14                                                PETITION
            Respondent.
15

16   _____/

17

18        Petitioner Vincent E. Keates filed a petition for writ of

19   habeas corpus on September 29, 2005.  Respondent Jeanne S. Woodford

20   moves to dismiss the habeas petition as untimely.  Petitioner

21   opposes this motion.  The hearing scheduled for December 16, 2005

22   is vacated and the matter is submitted on the papers.  Having

23   considered all of the papers filed by the parties, the Court GRANTS

24   Respondent's motion.

25                              BACKGROUND

26        On April 15, 1997, Petitioner plead guilty to violations of

27   California Penal Code §§ 288.5, 288 and 289(j).  Four months later,

28

United States District Court
For the Northern District of California

the court sentenced Petitioner to a twelve-year State prison term. Petitioner did not appeal his conviction.

Seven years later, on August 23, 2004, Petitioner filed a habeas petition in the Alameda Superior Court; the petition was denied. Petitioner filed a habeas petition in the California Court of Appeal; that petition was also denied. Petitioner filed a Petition for Review in the California Supreme Court; the Supreme Court denied that petition on August 17, 2005.

On September 29, 2005, Petitioner filed a habeas petition in this Court, challenging the application of California Penal Code § 2933.1 to his sentence. In 1994, the California legislature enacted § 2933.1, which capped "worktime credit" at fifteen percent, as opposed to fifty percent, for certain enumerated felonies, including Penal Code § 288.5. Section 2933.1 applies only to offenses committed on or after the date on which it became effective: September 21, 1994. When Petitioner was sentenced, the trial court gave him fifteen percent credit. There was no discussion, or even mention, however, of § 2933.1 or fifteen percent credit. Petitioner contends that the Information charged him with a violation of Penal Code § 288.5 that occurred between May, 1990 and September, 1995; thus, he could have committed the felony before the date on which § 2933.1 became effective. Petitioner states that he thought that he was receiving fifty percent credit and did not discuss the issue of credits with his counsel. It is not clear when Petitioner realized that he received only fifteen percent credit.

2

DISCUSSION

When the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became law on April 24, 1996, it "imposed for the first time a statute of limitations on habeas petitions filed by State prisoners." Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999). The AEDPA imposes a one-year period of limitation on all habeas petitions filed by a person in custody pursuant to the judgment of a State court.  28 U.S.C. § 2244(d)(1).  The statute provides:

The limitation period shall run from the latest of-

    (A)   the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, as noted above, Petitioner was convicted and sentenced on August 15, 1997.  He did not appeal.  The conviction became final sixty days after Petitioner was sentenced.  See California Rules of Court 30.1; Lewis v. Mitchell, 173 F. Supp. 2d 1057, 1060 (C.D. Cal. 2001).  Thus, Respondent argues that, absent any

3

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    tolling, Petitioner had until October 14, 1998 to file a timely

2    federal habeas petition.  Petitioner filed his federal habeas

3    petition in September, 2005, almost seven years later.  A State

4    habeas petition can toll the statute of limitations.  28 U.S.C.

5    § 2244(d)(2).  But Respondent argues that it does not in this

6    situation when the State habeas petitions were filed years after

7    the time to file a timely federal petition had passed.  As

8    Respondent notes, State habeas petitions cannot revive the statute

9    of limitations once it has expired.  See Ferguson v. Palmateer, 321

10   F.3d 820, 823 (9th Cir. 2003) (holding "that section 2244(d) does

11   not permit the reinitiation of the limitations period that has

12   ended before the state petition was filed").

13       According to Petitioner, however, the statute of limitations

14   did not start running sixty days after he was sentenced.  Instead,

15   he argues that, because there has been no administrative or similar

16   adjudication of the credits issue and because there is a continuing

17   unlawful detention, the statute of limitations has not begun.  This

18   argument is unpersuasive and directly conflicts with the AEDPA's

19   purpose of furthering the principle of finality.  See, e.g., Duncan

20   v. Walker, 533 U.S. 167, 179 (2001).  Under Petitioner's

21   interpretation, he would have virtually "an unlimited time in which

22   to file his habeas petition, thus hindering the finality

23   principle."  Shelby v. Bartlett, 391 F.3d 1061, 1065 (9th Cir.

24   2004).

25       Petitioner's alternative argument is more persuasive.

26   According to Petitioner, had he received fifty percent credit, he

27   should have been released from State custody on July 21, 2003,

28                                        4

United States District Court

For the Northern District of California

which triggers the AEDPA's one-year period of limitation, and thus his habeas petition should have been filed on or before July 21, 2004.  As noted above, the AEDPA provides that its limitation period shall run from the latest of four described circumstances.  See 28 U.S.C. § 2244(d)(1).  The date when Petitioner allegedly should have been released could constitute "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," the last of the four circumstances.  See 28 U.S.C. § 2244(d)(1)(D); Murphy v. Espinoza, ___ F. Supp. 2d ___, 2005 WL 3093430 (C.D. Cal. Nov. 7, 2005) ("petitioner was, or with the exercise of reasonable diligence, should have been aware of the factual predicate of this claim no later than April 11, 1990, the date he believes his sentence should have expired").  However, Petitioner does not disclose when or how he first learned that he would receive only fifteen percent credit.

     Even using July 21, 2004 as last day of the limitations period, because Petitioner's first State habeas petition was not filed until August 23, 2004, the statutory tolling provided in § 2244(d)(2) does not assist Petitioner.  Instead, Petitioner relies upon equitable tolling.  He provides a declaration by his son stating that his son paid an attorney to file a motion relating to the credits issue on May 5, 2004, months before the statute of limitations had run.  As Petitioner correctly notes, the Ninth Circuit has "held that the one-year statute of limitations for filing a habeas petition may be equitably tolled if 'extraordinary circumstances beyond a prisoner's control make it impossible to

**United States District Court**
For the Northern District of California

file a petition on time,'" and were the cause of the petition being untimely.  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (quoting Brambles v. Duncan, 330 F.3d 1197, 1201 (9th Cir. 2003), amended in other respects by 342 F.3d 898 (9th Cir. 2003)).  In Spitsyn, the Ninth Circuit noted, "Equitable tolling is justified in few cases, though."  Id. at 799.

Here, Petitioner fails to meet his burden to show that this is one of those few cases where equitable tolling is justified.  See id. (the petitioner "bears the burden of showing that this extraordinary exclusion should apply to him").  Ordinary attorney negligence does not justify equitable tolling.  Id. at 800.  Only where an attorney's misconduct is "sufficiently egregious" can the attorney's action, or inaction, constitute an extraordinary circumstance warranting equitable tolling of AEDPA's statute of limitations.  Id.

In Spitsyn, the court found such egregious conduct: the attorney was hired nearly a full year in advance of the deadline, and, despite being contacted by the petitioner and the petitioner's mother numerous times, failed to prepare and file a habeas petition and did not return the petitioner's file until three months after the file was requested and a month after the limitations period had passed.  Based on the limited information provided by Petitioner, however, it does not appear that the attorney's conduct at issue here "was so deficient as to distinguish it from the merely negligent performance of counsel" in cases where the Ninth Circuit has not found equitable tolling.  Id. at 801; see, e.g., Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (miscalculation of the

limitations period by counsel and counsel's negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling).  Petitioner's attorney was paid in May, 2004, to prepare and file a habeas petition; the attorney filed that petition in August, 2004.  This could be negligence.  And Petitioner presents no additional facts to show that the time that elapsed between payment and filing resulted from his attorney's sufficiently egregious behavior.

Because Petitioner has not disclosed when or how he first learned that he would receive only fifteen percent credit nor met his burden to show that equitable tolling is warranted in this case, the Court concludes that his September 29, 2005 federal habeas petition is untimely.

CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss Habeas Petition as Untimely (Docket No. 4) is GRANTED. Petitioner's petition is dismissed with leave to amend.  Petitioner has two months from the date of this order to file a new petition. That petition, however, must explain when and how he discovered that he would receive only fifteen percent credit and show that extraordinary circumstances beyond Petitioner's control existed, which made it impossible to file the petition on time, and warrant equitable tolling.

IT IS SO ORDERED.

Dated: 12/13/05

CLAUDIA WILKEN
United States District Judge